UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD TAYLOR,<br><br>    Petitioner,<br><br>v.<br><br>DIRECTOR – NEVADA DEPARTMENT OF CORRECTIONS[1], et al.,<br><br>    Respondents. | Case No. 2:20-cv-01962-GMN-DJA<br><br>**ORDER** |

  This habeas action is brought by Petitioner Donald Taylor under 22 U.S.C. § 2254. Respondents filed a Motion to Dismiss (ECF No. 51) certain claims alleged in Taylor's second amended petition for writ of habeas corpus (ECF No. 21) as untimely, non-cognizable, and unexhausted. Taylor filed a Motion to Stay (ECF No. 60) this federal habeas proceedings while he exhausts certain claims in state court. For the reasons discussed below, Respondents' motion is granted in part and denied in part, and Petitioner's motion is granted.

**I. Background**

  Taylor challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). On March 7, 2014, the state court entered a judgment of conviction for burglary while in possession of a firearm, conspiracy to commit robbery, robbery with use of a deadly weapon, and murder with use of a deadly weapon. (ECF No. 39-21.) The state court sentenced Taylor to life without the possibility of parole as to the first-degree murder

---

[1] The state corrections department's inmate locator page indicates that Petitioner is incarcerated at High Desert State Prison ("HDSP"). *See https://ofdsearch.doc.nv.gov/form.php* (retrieved February 2023 under identification number 1117274). The department's website reflects that Brian Williams is the warden of that facility. *See https://doc.nv.gov/Facilities/HDSP_Facility/* (retrieved February 2023). At the end of this order, the Court directs the Clerk of the Court to substitute Petitioner's current immediate physical custodian, Brian Williams, as Respondent for the prior Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

count.[2] (*Id.*)  The Nevada Supreme Court affirmed the conviction. (ECF No. 41-1.)

On August 24, 2016, Taylor filed a state habeas petition. (ECF No. 41-10.)  Following an evidentiary hearing, the state court denied postconviction relief. (ECF No. 44-4.)  The Nevada Supreme Court affirmed the state district court's denial of relief. (ECF No. 46-3.)  Taylor filed a second state habeas petition that was denied as procedurally barred, which the Nevada Court of Appeals affirmed. (ECF Nos. 46-6, 46-11, 47-7.)

On October 22, 2020, Taylor initiated this federal habeas proceeding *pro se*. (ECF No. 1.)  Following appointment of counsel, Taylor filed a first and second amended habeas petition. (ECF Nos. 14, 21.)  Respondents argue that because the second amended petition is untimely, Ground 1(A) should be dismissed because it does not relate back to either of Taylor's earlier timely filed petitions.[3]  In the alternative, Respondents argue that Grounds 1 and 2 are unexhausted and procedurally defaulted.  Respondents further argue that Ground 5 should be dismissed as non-cognizable or, in the alternative, argues that Ground 5 is unexhausted.  Respondents also argue that Ground 7(E) is unexhausted.

**II.     Discussion**

  **a. Ground 5 is not cognizable to the extent that the claim relies on the Fourth Amendment.**

In Ground 5, Taylor alleges that there was insufficient, improperly admitted evidence to convict him. (ECF No. 21 at 47-49.)  He asserts that his conviction was based on a tainted in-court identification and illegally obtained cell phone data. (*Id*. at 48.)  Respondents argue that Ground 5 is precluded by *Stone v. Powell*, 428 U.S. 465, 494 (1976), to the extent that Ground 5 alleges a violation of the Fourth Amendment.  In *Stone*, the United States Supreme Court held that when "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that

---

[2] The state court sentenced Taylor to consecutive sentences of 72 to 80 months as to the burglary count, 24 to 60 months as to the conspiracy to commit robbery count, 60 to 150 months as to the robbery count, and 28 to 96 months for the deadly weapon enhancement. (ECF No. 39-21.)

[3] Respondents, however, withdrew their assertion that Ground 1(A) does not relate back to Taylor's timely filed first amended petition. (ECF No. 72 at 7.)

evidence obtained in an unconstitutional search and seizure was introduced at his trial." *Id. See also Kimmelman v. Morrison*, 477 U.S. 365, 375–76 (1986).

Taylor concedes that he cannot raise a Fourth Amendment challenge to the admission of the evidence and asserts that the Court should construe Ground 5 as a sufficiency of the evidence claim based upon all evidence admitted at trial. (ECF No. 58 at 5.)  Respondents agree that Ground 5 should be construed as a sufficiency of the evidence claim. (ECF No. 72 at 2-3.)  Accordingly, to the extent that Taylor relies on the Fourth Amendment in Ground 5, consideration of the merits of this claim is prohibited under *Stone*.

    **b.  Exhaustion**

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A).  This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).  "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999).  To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)) and *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'")).  "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state

courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014).

### i. Ground 5 is exhausted.

Respondents argue that Ground 5 is partially unexhausted. (ECF No. 51 at 12-13.) They assert that although Taylor asserted a claim of insufficient evidence, he did not present on direct appeal to the Nevada Supreme Court the argument that the prosecution failed to submit sufficient evidence at trial in support of the conspiracy to commit robbery conviction. (*Id.*) Taylor argues that he more clearly presents his argument and legal theory in his second amended petition, but that does not render the claim unexhausted. (ECF No. 58 at 6-7.) He asserts that his argument on direct appeal "regarding 'insufficient evidence of identity beyond a reasonable doubt' challenged his liability under a conspiracy theory or joint theory of liability for the robbery and felony murder because there was no evidence Taylor himself shot and robbed Mr. Pearson." (*Id.*)

The Court finds that the additional factual allegations do not fundamentally alter Taylor's claim. The Nevada Supreme Court's decision on direct appeal shows that the appellate court considered the arguments presented and determined that the evidence was sufficient to establish that Taylor conspired to commit robbery. (*See* ECF No. 41-1 at 22-23.) The legal basis of the claim has not changed. *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) (finding the exhaustion requirement satisfied even though the precise factual predicate for the claim had changed after it was presented to the state courts because the change did not fundamentally alter the legal basis for the claim). Accordingly, Ground 5 is exhausted.

### ii. Ground 7(E) is exhausted.

Ground 7(E) alleges that trial counsel rendered ineffective assistance for failure to investigate and effectively rebut evidence stemming from a 2001 murder charge during the penalty phase. (ECF No. 21 at 61-63.) Respondents contend that Ground 7(E) is unexhausted because Taylor argued that trial counsel was ineffective for failure to waive or properly prepare for the penalty phase of trial and now raises a different claim that trial counsel failed to investigate the murder charge presented at sentencing. (ECF No. 72 at 5-6.) The Court finds, upon review of the state court record, that Ground 7(E) is exhausted as the ineffective assistance

of counsel claim was fairly presented to the state appellate court and the state appellate court reached a decision on the merits of the claim. (ECF Nos. 45-4 at 51-58; 46-3 at 9-10.)

### III.     Motion to Stay

Taylor concedes that he raises Grounds 1 and 2 in his second amended petition for the first time. (ECF No. 21 at 19.)  Respondents argue that Grounds 1 and 2 should be dismissed as unexhausted and/or procedurally defaulted. (ECF No. 51 at 12.)  In his second amended petition, Taylor asserts that Grounds 1 and 2 are technically exhausted and that he can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012). (ECF No. 21 at 19.)  He acknowledges, however, that the recent decision in *Shinn v. Ramirez*, 142 S. Ct. 1718, has altered the landscape for *Martinez* claims that incorporate new evidence. (ECF No. 58 at 8-9.)

Taylor is currently presenting Grounds 1 and 2 in state court because certain subclaims incorporate new evidence. (*Id*.)  Taylor requests that the Court stay his federal habeas case while he exhausts Grounds 1 and 2 in state court. (ECF No. 60 at 9-16.)  In the alternative, he requests that the Court find that Grounds 1 and 2 are technically exhausted but procedurally defaulted. (*Id*. at 16.)

A district court is authorized to stay a petition in "limited circumstances" to allow a petitioner to present unexhausted claims to the state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005).  The *Rhines* Court further held that a district court would likely abuse its discretion by denying a stay and dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008); *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005).  This Court has declined to prescribe the strictest possible standard for issuance of a stay. *E.g.*, *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006).  "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Id.*  Ineffective assistance of post-conviction counsel or a lack of counsel can

constitute good cause. *Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014); *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) (a "statement that 'there was no counsel' in [the petitioner's] state post-conviction case is sufficient to establish good cause") (quoting *Martinez*, 566 U.S. at 17).

The Ninth Circuit has recently ruled that a district court is required to consider whether post-conviction counsel's alleged ineffectiveness provided a reasonable excuse, supported by sufficient evidence, to justify petitioner's failure to exhaust claims. *Bolin v. Baker*, 994 F.3d 1154 (9th Cir. 2021).

### a. Good Cause

Taylor makes two arguments in support of his contention that good cause exists for a *Rhines* stay. First, he asserts that post-conviction counsel was ineffective for failing to raise claims in Grounds 1 and 2 during post-conviction proceedings and for failing to provide all evidentiary support for the claims. (ECF No. 60 at 11-13.) He further asserts that the claims in Grounds 1(A), 1(C), and 1(G) are based on information in possession of the state bar of Nevada, declarations from independent contractors and Taylor's family, an internal LVMPD policy that is not publicly available, and further information from Taylor's mother and sister that were not obtained by post-conviction counsel.[4] (*Id*. at 11-12.)

Second, Taylor argues that *Ramirez* "has significantly altered the scope of evidence a federal court can consider on a procedurally defaulted claim." (*Id*. at 14.) Before *Ramirez*, a federal habeas court "could consider new evidence supporting a claim of [ineffective assistance of counsel] by [postconviction review] counsel in determining whether a petitioner satisfies the requirements of *Martinez* without running afoul of 28 U.S.C. § 2254(e)(2) and *Cullen v. Pinholster*, 563 U.S. 170 (2011). *Creech v. Richardson*, 40 F.4th 1013, 1028 (9th Cir. 2022). But after *Ramirez*, if 28 U.S.C. § 2254(e)(2) "applies and the prisoner cannot satisfy its 'stringent requirements,' a federal court may not hold an evidentiary hearing – or otherwise consider new

---

[4] Taylor asserts that he requested an evidentiary hearing on Grounds 1(A) and 1(C) based on the unavailability of specific evidence when prior post-conviction counsel filed the initial state post-conviction petition, and the state court is taking his request for an evidentiary hearing under advisement. (ECF No. 74 at 2-3.)

evidence – to assess cause and prejudice under *Martinez*." *Ramirez*, 142 S. Ct. at 1739 (quoting *Williams v. Taylor*, 529 U.S. 420, 433 (2000)).  Taylor intends to develop the state court factual record to include the new evidence and claims, which he already initiated by filing a state habeas petition. (ECF No. 60 at 14-15.)

Respondents argue that Taylor did not properly develop the evidence supporting Grounds 1 and 2 in accordance with Nevada state law and he is precluded from doing so now under Nevada's procedural rules. (ECF No. 65 at 6-7.)  They assert that granting a stay will not allow Taylor to properly develop the factual basis of Grounds 1 and 2 because Taylor would merely "attach[ ] documents to an untimely and third successive state habeas petition" that "would reduce AEDPA's [2254(e)(2)] requirements to a meaningless formality." (*Id*. at 7.)  Because the state court will not reach the merits of Taylor's claims, Respondents argue that a stay would be futile and wasteful. (*Id*. at 8.)

Here, Taylor's showing of good cause is not "a bare allegation" of state post-conviction ineffective assistance; rather, it is a reasonable excuse for failing to exhaust the claim and the existing state court record demonstrates that post-conviction counsel did not raise these claims. *Blake*, 745 F.3d at 983.  In addition, Taylor asserts that in his return to state court he is challenging *Brown v. McDaniel*, 130 Nev. 565, 331 P.3d 867 (Nev. 2014), which expressly declined to follow the *Martinez* exception to excuse state procedural bars, in light of the U.S. Supreme Court's ruling in *Ramirez*. (ECF No. 74 at 5.)  As such, the Court rejects Respondents' argument that a stay would be futile.  The Court finds Taylor has established good cause for his failure to exhaust claims alleged in Ground 1.

        **b. Potentially Meritorious**

A claim is potentially meritorious unless "it is perfectly clear that the [petitioner] does not raise even a colorable federal claim. *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005); *See Dixon*, 847 F.3d at 722-23 (finding claim met second prong of *Rhines* test because it was not "plainly meritless").  Having reviewed the claims and the proffered supporting evidence, the Court concludes that the allegations are "colorable."  Moreover, it appears that the resolution of the claims require a fact-based determination based on the record.

### c. Dilatory Litigation Tactics

Respondents contend that Taylor engaged in unfairly dilatory tactics because he did not seek a stay after filing his second amended petition in November 2021 because by his own admission, he believed the Court would consider his claims *de novo*. (ECF No. 65 at 8.) They further argue that Taylor did not seek a stay until five months after *Ramirez*. (*Id.*)

These circumstances are not indicative of intentional delay. After the Supreme Court's ruling in *Ramirez*, petitioners seeking to excuse default of ineffective assistance claims could no longer rely on *Martinez* to present new evidence in federal court. Taylor, however, did not engage in dilatory tactics for relying on *Martinez* when alleging his claims in Grounds 1 and 2.

Taylor has met the requirements for a stay as to at least one of his unexhausted claims in accordance with *Rhines*, *Blake*, and *Bolin*. Accordingly, the Court grants the motion for stay

/ / /

/ / /

/ / /

/ / /

**IT IS THEREFORE ORDERED:**

1. Respondents' Motion to Dismiss (ECF No. 51) is GRANTED IN PART AND DENIED IN PART as follows:
   a. Ground 5 to the extent it relies on the Fourth Amendment is dismissed.
   b. Grounds 5 and 7(E) are exhausted.
2. Petitioner's Motion to Stay (ECF No. 60) is GRANTED.
3. This action is STAYED pending exhaustion of Grounds 1 and 2 in the second amended petition. The stay is conditioned on Petitioner litigating his state petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within 45 days of issuance of the remittitur by the Supreme Court of Nevada or Nevada Court of Appeals at the conclusion of the state court proceedings.
4. The Clerk of the Court shall administratively close this action, until such time as the Court grants a motion to reopen the matter.

5. The Clerk of the Court is directed to substitute Brian Williams for Respondent Director of Nevada Department of Corrections.

DATED: February 22, 2023

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE