UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD TAYLOR,<br><br>               Petitioner,<br><br>v.<br><br>DIRECTOR – NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>               Respondents. | Case No. 2:20-cv-01962-GMN-DJA<br><br>**ORDER** |

This habeas action is brought by Petitioner Donald Taylor under 22 U.S.C. § 2254. Respondents filed a Renewed Motion to Dismiss (ECF No. 83) Grounds 1 and 2 of Taylor's second amended Petition (ECF No. 21) as unexhausted and procedurally barred. Respondents also filed a Motion to Waive Compliance with Local Rule for Special Proceedings and Appeals (ECF No. 87). For the reasons discussed below, Respondents' Renewed Motion to Dismiss is denied and their Motion to Waive is granted.

**I.     Background**

Taylor challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. On March 7, 2014, the state district court entered a judgment of conviction for Burglary While In Possession Of A Firearm, Conspiracy To Commit Robbery, Robbery With Use Of A Deadly Weapon, and Murder With Use Of A Deadly Weapon. ECF No. 39-21. The state district court sentenced Taylor to life without the possibility of parole as to the first-degree murder count.[1] *Id*. The Nevada Supreme Court affirmed the conviction. ECF No. 41-1.

On August 24, 2016, Taylor filed a state habeas Petition. ECF No. 41-10. Following an evidentiary hearing, the state district court denied post-conviction relief. ECF No. 44-4. The

---

[1] The state court sentenced Taylor to consecutive sentences of 72 to 80 months as to the burglary count, 24 to 60 months as to the conspiracy to commit robbery count, 60 to 150 months as to the robbery count, and 28 to 96 months for the deadly weapon enhancement. ECF No. 39-21.

1

Nevada Supreme Court affirmed the state district court's denial of relief. ECF No. 46-3. Taylor filed a second state habeas Petition that was denied as procedurally barred, which the Nevada Court of Appeals affirmed. ECF Nos. 46-6, 46-11, 47-7.

On October 22, 2020, Taylor initiated this federal habeas proceeding *pro se*. ECF No. 1. Following appointment of counsel, Taylor filed a first and second amended Petition. ECF Nos. 14, 21. The Court granted Respondents' Motion to Dismiss Taylor's second amended Petition, in part, dismissing Ground 5 and finding Grounds 1 and 2 were unexhausted. ECF No. 77. In addition, the Court stayed the matter pending exhaustion of Grounds 1 and 2 in state court. *Id*. Taylor filed a fourth state habeas Petition that the state district court denied. ECF No. 85-30. On appeal, the Nevada Supreme Court affirmed the state district court's ruling denying Taylor's fourth state Petition as procedurally barred. ECF No. 86-23. Following reopening Taylor's federal habeas case, Respondents renewed their Motion to Dismiss Grounds 1 and 2 as unexhausted and assert that those grounds are procedurally barred. ECF No. 83.

## II.     Discussion

In Ground 1, Taylor alleges multiple subclaims of ineffective assistance of counsel. In Ground 2, Taylor alleges he is entitled to habeas relief based on cumulative error. Respondents argue that Grounds 1 and 2 should be dismissed because they are unexhausted and/or procedurally barred. They assert that Grounds 1 and 2 are unexhausted because Taylor did not fairly present these claims to the state appellate court as he "opted to solely present arguments to overcome the procedural bars to his claims." ECF No. 83 at 10. In the alternative, they argue that Grounds 1 and 2 are procedurally barred because the Nevada Supreme Court determined his fourth state habeas Petition was procedurally barred and that Taylor failed to overcome the procedural default of his claims. *Id*.

### a.   Exhaustion

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v.*

*Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc).

A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)) and *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'")). "A claim has not been fairly presented in state court if new factual allegations either 'fundamentally alter the legal claim already considered by the state courts,' or 'place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014).

b. **Procedural Bar**

Federal courts are barred from considering a state prisoner's habeas claim if the state courts denied his claim based on an independent and adequate state procedural rule. *Edwards v. Carpenter*, 529 U.S. 446, 454-55 (2000). "The Ninth Circuit has elaborated that a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005) (internal quotation marks omitted). "If a state procedural rule is not well-established before a petitioner supposedly breaks the rule, then the rule cannot prevent federal review of the petitioner's federal claims." *Id*.

When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental

3

miscarriage of justice." *Coleman*, 501 U.S. at 750. To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule. *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012). Ignorance or inadvertence does not constitute cause. *Murray v. Carrier*, 477 U.S. 478, 486–87 (1986). To show prejudice, a petitioner bears the burden of showing not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *Id*. at 494; *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019).

    **c. Analysis**

Respondents argue that Taylor did not assert the basis of his claims on appeal; rather Taylor argued that the Nevada Supreme Court should overturn *Brown v. McDaniel*, 130 Nev. 565, 571-76 (2014), and that Taylor could demonstrate good cause and prejudice to excuse the procedural bars if overturned because post-conviction counsel acted ineffectively. ECF No. 86-12 at 39-59.

Taylor rebuts that Grounds 1 and 2 are unexhausted because "the Ninth Circuit Court of Appeals has held that a petitioner may satisfy the exhaustion requirement by identifying procedural errors on appeal and seeking a remand." ECF No. 88 at 3; (citing *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (holding a petition accomplished a "full and fair presentation of his claims" because they were "included [in] a copy of the amended petition for post-conviction relief," which was attached "in the appendix of his petition for review to the Arizona Supreme Court"); *Insyxiengmay v. Morgan*, 403 F.3d 657, 669 n.5 (9th Cir. 2005) (noting that the state appellate court declined the petitioner's request to allow his claims to proceed in the court of appeals, barring him from presenting the claims for review and excusing his duty to exhaust). He also cites an unpublished panel case, *Emanuel v. Neven*, No. 21-15498, 2022 WL 2915595, at *3 (9th Cir. July 25, 2022), wherein the Ninth Circuit determined that the state district court's procedural rulings, including appointing counsel that was the subject of the petitioner's ineffective assistance claims and denial of a request to continue an evidentiary hearing to have counsel present, prevented the petitioner from fulling developing and presenting his claims.

4

Although the Appendix to Taylor's Opening Brief listed the ineffective assistance of counsel claims in his Petition, this is insufficient for exhaustion purposes. *See Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005) (exhaustion requires presentation of federal constitutional issues before the highest available state court "within the four corners of his appellate briefing"). Taylor's reliance on *Schriro, Insyxiengmay,* and *Emanuel* is unavailing. Incorporation by reference is a procedurally incorrect manner to present issues to the Nevada appellate courts. In addition, unlike the petitioner in *Emanuel*, the state district court did not prevent Taylor from undertaking meaningful fact development by its procedural rulings. Taylor failed to properly exhaust Grounds 1 and 2.

To the extent Taylor attempted to raise these claims in his fourth state habeas Petition, the state appellate court declined to review the merits of the claims, dismissing it as untimely, successive, an abuse of writ, and subject to waiver. ECF No. 86-23. These claims are, nonetheless, technically exhausted and procedurally defaulted because if, Taylor attempted to raise them in another state habeas petition, the state courts would find them barred. Accordingly, the Court concludes that Taylor has technically exhausted and procedurally defaulted Grounds 1 and 2.

Where a petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule," federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To demonstrate cause, the petitioner must establish some external and objective factor impeded efforts to comply with the state's procedural rule. *E.g., Maples v. Thomas*, 565 U.S. 266, 280 (2012) (finding cause to excuse procedural default due to attorney abandonment but remanding for a determination of prejudice). "[T]o establish prejudice, [a petitioner] must show not merely a substantial federal claim, such that 'the errors … at trial created a possibility of prejudice,' but rather that the constitutional violation 'worked to his actual and substantial disadvantage.'" *Shinn v. Ramirez*, 596 U.S. 366, 379-80 (2022).

With one exception, Nevada's cause and prejudice standards are functionally identical to the federal standards for cause and prejudice. *Robinson v. Ignacio*, 360 F.3d 1044, 1052 n. 3 (9th Cir. 2004). That exception is for a procedurally defaulted claim of ineffective assistance of trial counsel when the cause for the default is the ineffective assistance or absence of post-conviction counsel in the initial post-conviction proceedings in accordance with *Martinez v. Ryan*, 566 U.S. 1(2012). *Brown v. McDaniel*, 130 Nev. 565, 571-76 (2014). A Nevada federal habeas petitioner who relies on *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar can successfully argue that the state courts would hold the claim procedurally barred, but that he nonetheless has a potentially viable argument for cause and prejudice under federal law.

Taylor asserts that he can demonstrate cause and prejudice to overcome the procedural default of Grounds 1 and 2. Taylor and Respondents, in the alternative, request deferring ruling on whether Grounds 1 and 2 are procedurally defaulted given the fact-intensive nature of the claim. ECF Nos. 88 at 5, 94 at 6. The Court agrees that consideration of whether Taylor can overcome the procedural default of Grounds 1 and 2 are intertwined with the merits of the claim. Accordingly, the Court defers a determination on whether Taylor can demonstrate cause and prejudice until the time of merits determination. Respondents may renew the procedural default argument as to Grounds 1 and 2 in their answer.

**III.     Motion to Waive Compliance**

Respondents request waiver of LSR 3-3(c) with respect to their supplemental index of exhibits filed in support of their Renewed Motion to Dismiss to allow them to file the full state court record. ECF No. 87. Taylor has not filed an opposition and the time to do so has expired. The Court finds good cause to grant Respondents' Motion.

**IT IS THEREFORE ORDERED:**

1. Respondents' Renewed Motion to Dismiss (ECF No. 83) is denied. A decision on whether Taylor can demonstrate cause and prejudice under *Martinez* for Grounds 1 and 2 is deferred until after the parties have answered and replied. Respondents may reassert the procedural default argument with respect to those claims in their answer.

///

2. Respondents' Motion to Waive Compliance (ECF No. 87) is granted.

3. Respondents have until September 16, 2025, to file and serve an answer addressing the remaining claims in Taylor's second amended Petition.

4. Taylor will have 30 days from the date of service of the answer to file and serve a reply.

DATED:   July 18, 2025

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE